## EDMUND LITTLE *versus* JOSEPH B. LITTLE.

An outstanding liability as surety for another, together with a promise, express or implied, by such surety to the principal, that he will pay the debt and so indemnify the principal, is a valid consideration for a promissory note from the principal to such surety, payable on demand.

A promissory note for a gross sum, payable on demand, given by the maker of several notes to the indorser, upon the promise of the indorser to pay the notes and indemnify the maker, will enable the indorser to commence an action and attach the maker's property before the indorser has paid any of the original notes and before they have become due, but he will not be entitled to recover damages beyond the amount which he shall have paid before the rendition of the judgment.

ASSUMPSIT on a promissory note, dated July 28, 1831, made by the defendant to the plaintiff, for 10,000 dollars, payable on demand with interest. The suit was commenced on the 29th of the same July, and an attachment was made of the defendant's property.

The suit was defended, pursuant to the statute, by several subsequently attaching creditors of the defendant.

The question was, whether the note was given for a valid consideration as against creditors.

The defendant was the son of the plaintiff, and at the time when the note was made, was in failing circumstances. The plaintiff, soon after the failure of his son, stopped payment, and many notes to which he was a party were due and unpaid at the time of the trial.

It was proved on the part of the plaintiff, that he had made and indorsed several notes for the accommodation of the defendant, which had been discounted at different banks for the use of the defendant, and were unpaid at the time of giving the note in question, and which amounted to about $ 10,500. Among these were notes at the Commercial bank in Salem amounting to $ 5,840. On the 27th of July the defendant sent to the plaintiff to come and secure himself, and on the next day the plaintiff went to the defendant's store. The defendant asked him how much he had indorsed for him, and the plaintiff said he thought as much as $10,000 ; but neither party had an exact account of the notes. The note in suit was then made and given to the plaintiff. At the same time the defendant executed and delivered a mortgage to the plaintiff for $ 2000, which was on the same day carried to the office of the register of deeds, to be recorded. No memorandum of any agreement or undertaking was given at the time, by the plaintiff to the defendant.

The plaintiff gave in evidence an order drawn by him on the attaching officer, in favor of the cashier of the Commercial bank, to pay to the cashier the whole of the proceeds of the attached property as collateral security for the sums due to that bank and to certain other creditors specified in the order ; also the officer's acceptance, dated the 10th of August.

It was admitted that, at the time of the trial, the plaintiff had not paid or taken up any of the defendant's notes upon which he was surety.

The counsel for the defendant moved the Court to direct a nonsuit, on the ground that the plaintiff's evidence did not show a consideration for the note, as against creditors. Thereupon *Shaw* C. J., before whom the cause was tried, expressed an opinion, that if the plaintiff gave no obligation or promise, express or implied, to take upon himself absolutely the payment of the notes for which he stood responsible as surety or indorser, or to indemnify the defendant against his liability to pay the same, the mere existence of the plaintiff's liability as such surety or indorser, even to the full amount of the note thus given, was not a sufficient con-

*Little
v.
Little.*

sideration to enable the plaintiff to recover, as against the creditors of the defendant ; and it being conceded that there was no evidence of any such promise or agreement on the part of the plaintiff, a nonsuit was entered, subject to the opinion of the whole Court.

The chief justice stated in his report, that on revising his minutes of the evidence, he found that Jonathan Shove testified, that before the creditors were admitted to defend this action, the defendant told him, that as his father was a large indorser, he had given him a note for $10,000, upon an agreement that his father was to attach his property and was to indemnify him against the notes ; that if this testimony had been adverted to at the time, it might have been proper to leave it to the jury to say whether there was such an agreement or not, though one of the witnesses, who was present at the transaction, testified that no such agreement was made, to his knowledge ; but that this evidence was not adverted to when the nonsuit was ordered, but on the contrary, it was conceded that there was no evidence from which a jury could infer the fact of such an agreement.

If the Court should be of opinion that it was material for the plaintiff to show that he did undertake, on receiving the note for $10,000 and as a consideration therefor, to pay the notes of the defendant indorsed by him and indemnify the defendant against them, and that the evidence, as above stated, ought to have been left to the jury and would have warranted them in finding such agreement, a new trial was to be granted.

*Nov. 10th.*

*Saltonstall* and *B. Merrill*, for the plaintiff, cited *Stevens v. Bell*, 6 Mass. R. 339 ; *Cushing* v. *Gore*, 15 Mass. R. 69.

*Proctor, Cushing* and *Le Breton* for the defendant.

*April term, 1833.*

PUTNAM J. delivered the opinion of the Court. We are all satisfied that there was evidence at the trial, of a legal consideration for the note given by the defendant to the plaintiff. In many particulars the case resembles *Cushing* v. *Gore*, 15 Mass. R. 73. We think the fair deduction from the prinples laid down in that case is, that an outstanding liability as surety or indorser for another, together with a contract or

promise, *express* or *implied*, by such surety or indorser to the
principal, that he will make the debt his own, and pay it and
so indemnify the principal, is a good consideration for an
express promise to pay an equal amount on demand.

It was understood in the case cited, that the plaintiff was
to pay the notes he had indorsed.  There was no direct evi-
dence of this, but the jury rightfully inferred the fact.  The
Court said that it might be inferred from the mere fact of a
note having been given with a view to cover those indorse-
ments.  But the testimony of Jonathan Shove put that part
of the case at bar, beyond any question ; for he proved the
acknowledgment of the defendant, that the note for 10,000
dollars was upon an agreement that his father should indem-
nify him for the notes which the father had indorsed.  If
there was a legal consideration, then the nonsuit must be
taken off, and a new trial must be granted to ascertain the
damages.  If the transaction were fair, the plaintiff would
have a right to recover damages to the full amount which he
had paid at or before the trial, upon the notes which he had
indorsed or signed as surety for the defendant.  But the par-
ties admitted that the plaintiff, at the last trial, had not paid
or taken up *any* of the notes which he had indorsed or sub-
scribed as surety for the defendant.  If the same state of
things should continue at the new trial, it would be of no
use to the plaintiff, for we all think he cannot recover any
thing, unless he has paid something.  It is to that extent only
that the note for collateral security can avail the plaintiff.

Being upon good consideration and given without fraud,
payable upon demand, it would enable the promisee to make
an immediate attachment of the property of the maker, not-
withstanding the notes indorsed or subscribed as surety by the
promisee should not fall due until some future day.  It would
be in the power of the promisee to sue and attach before he
had paid, and if between the attachment and the trial, he
should have actually paid, then the preference which the
debtor intended to give, would be carried into effect.  And
we do not perceive any greater objection to a security thus
to be enforced, than to an assignment or mortgage of real or
personal property as collateral security.

Little
*v.*
Little.

If the construction were, that the payee should recover for the whole amount, when he had not paid, and when he had become a bankrupt and never could pay the debts which he had assumed, it would operate most unjustly and contrary to the intent of the parties ; for the creditors of the original debtor would get nothing, and the creditors of the indorser or surety would or might get the whole. Such a transaction would be a fraud upon the creditors of the original debtor. It would be directly contrary to the agreement, express or implied, that the holder of the note for collateral security should apply the funds to the payment of the debts of the maker.

Whether or not the order which the plaintiff has given in favor of the creditors of the maker of the notes indorsed, upon the officer, and accepted by him, to pay the proceeds of the property attached, shall operate as a payment *pro tanto* by the plaintiff, so as to enable him to recover in this suit for their benefit, will be an open question. It is sufficient now for the Court to decide, that the nonsuit shall be taken off and a new trial granted ; and that the plaintiff may recover as much as he shall prove that he shall then have paid : leaving the case open as to what may then be considered as a payment, within the intent and meaning of the parties and of this decision.

*New trial granted.*